**1222**

SCARBOROUGH CONSTRUCTORS, INC., Plaintiff,

v.

PACE CONSTRUCTION CORP., et al., Defendants.

No. 86–1538–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

June 7, 1988.

Gary N. Strohauer, Strohauer, Teevan & Brown, P.A., Clearwater, Fla., for plaintiff.

James M. Crowder, Allen, Dell, Frank & Trinkle, Tampa, Fla., and J.D. Humphries, III, Varner, Stephens, Wingfield, McIntyre & Humphries, Atlanta, Ga., for defendants.

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT AND FOR ORDER OF CONTEMPT

KOVACHEVICH, District Judge.

This cause of action is before the Court on Plaintiff's motion for relief from judgment and order of contempt, filed May 12, 1988, and response thereto, filed May 23, 1988.

PROCEDURAL BACKGROUND

This cause of action came to trial before this Court, sitting without a jury, on September 24 and 25, 1987. On October 19, 1987, the Court issued a memorandum opinion in the cause. In that order the Court found that paragraph 6.3 of the subcontract was effective and precluded Plaintiff from collecting sums due, unless and until Defendant Scarborough receives payment on its contract with the Owner of the project in question. The Court adopted the reasoning of *Peacock Construction Co., Inc. v. Modern Air Conditioning, Inc.*, 353 So.2d 840 (Fla.1977).

Plaintiff filed a timely appeal to the Eleventh Circuit Court of Appeals and jurisdiction became vested in that court. Subsequently, Plaintiff filed motions for limited remand and motion to abate appeal with the Eleventh Circuit. On May 3, 1988, the Eleventh Circuit advised Plaintiff that the proper procedure was to file a Rule 60(b), Fed.R.Civ.P., motion with the district court, apprise the appellate court of the filing of that motion, and the district court should either deny or grant the motion or to certify that it is inclined to grant the motion on remand. Upon certification of the district court, the parties could move for a remand for the trial court to enter an order.

Thereafter, the instant motion was filed with Court.

DISCUSSION

Rule 60(b) provides for relief from judgment or order for, among other things, "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Rule 1.04(c), Rules of the District Court of the United States for the Middle District of Florida, provides:

It shall be the continuing duty of all counsel of record in any case to bring promptly to the attention of the Court and opposing counsel the existence of any other case or cases within the purview of subsections (a) or (b) of this rule, as well as the existence of any similar cases or proceedings then pending before any other court or administrative agency ... (emphasis added).

In support of its motion Plaintiff makes the following allegations:

1. On September 24, counsel for the Defendants tendered to the lower court a decision rendered by the Eastern District of Louisiana in *Lambert, Inc. v. H.C.B. Contractors* [available on WESTLAW, 1987 WL 16349]. Although the facts involved in the two cases were distinguishable, counsel for Pace stressed the identical language involved in the subcontract and the judgment favorable to one of Pace Construction Corporation's subsidiaries.

2. Wholly unbeknownst to counsel for Scarborough Constructors, Inc., the same defendants as in the above-styled cause, also represented by Attorneys J.D. Humphries and James M. Crowder, were involved in an action filed in the Twelfth Judicial Circuit of the State of Florida styled as *OBS Company, Inc. v. Pace Construction Corporation, et al.,* Circuit Civil No. 86–5883–CA–01D (Fla. 12th Cir.1986). OBS Company, Inc. was a subcontractor on the Outlet World Project, obligated under a subcontract identical to the one at bar in all pertinent respects, that was suing for the recovery of the final payment due from Pace.

3. In short, the cause before the Florida Court was wholly indistinguishable from the one at bar.

4. On May 21, 1987, some four months prior to the trial of the above-styled cause, the Florida Circuit Court entered an Order granting Summary Judgment in favor of OBS Company, Inc. The Court determined, as a matter of law, that the provisions of the subcontract at issue were insufficient to shift the risk of non-payment by the owner to the subcontractor. On September 17, 1987, one week before the trial in the instant cause, the Florida Circuit Court entered a monetary award in favor of OBS Company, Inc. on claims identical to those before this Court.

5. Despite the fact that both J.D. Humphries and James M. Crowder were personally involved in the *OBS* case, they knowingly concealed from the United States District Court and counsel for Scarborough the existence of this legal authority in the controlling jurisdiction directly adverse to their client's position.

Plaintiff's counsel did not become aware of the existence of the OBS case until March 4, 1988, after this cause was on appeal, when counsel received a call from the attorney for OBS Company, Inc.

Plaintiff moves this Court re-evaluate its decision as to the subcontract language, which this Court found excused Defendant from payment until payment was received from the Owner. Plaintiff asserts that a manifest discrepancy exists between the two differing results, this case and the OBS case, that have been obtained under identical circumstances. Plaintiff seeks an order of contempt and an award of attorney's fees and other such relief as is fair and just.

Defendants assert that they had no duty to inform this Court of the existence of the OBS case or the summary judgment which they contend is not binding authority, controlling authority, persuasive authority, or any authority at all. The Court cannot agree with Defendants.

Local Rule 104(c) requires all counsel, at all times, to promptly bring to the

**1224**

court's attention the existence of any other similar case or proceedings "pending before *any other court.*" Clearly the OBS case was a "similar" case pending before another court; the case involved the same contractor, on the same construction project, a subcontract containing the same language as before this Court, and the same or similar issues as to the application of the contract language. Defendants had a clear duty to notify the Court and Plaintiff of the existence of the OBS case, whether or not the summary judgment order was authority is irrelevant. Having said this however, the Court declines to enter an order of contempt in this cause.

▮ The Court has examined the order on summary judgment in the OBS case and the memorandum opinion in this cause of action. The Court, upon due consideration, finds no basis to grant Plaintiff's Rule 60(b) motion for relief from judgment. The summary judgment order of the OBS case does not alter this Court's decision, as a matter of law, that the subcontract language is effective, in that the money due to Scarborough Constructors, Inc. is not due until and unless Pace Construction receives payment from the Owner. Therefore, even though Defendants may have breached their obligation to inform the Court of the existence of the OBS case the Court does not find the motion for contempt and appropriate sanctions justified. The Court's opinion is the same with or without the benefit of the trial court's order in the OBS case. Accordingly, it is

ORDERED that the motion for relief from judgment and for order of contempt be denied.